CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

May 12, 2026

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
       DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON  DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 1:20CR00048 |
| ) | |
| v.                                    ) | **OPINION AND ORDER** |
| ) | |
| **RONALD E. LEFLER,**          ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.          ) | |

*Corey Hall, Assistant United States Attorney, Abingdon, Virginia, and Jonathan Jones, Assistant United States Attorney, Roanoke, Virginia, for United States; Erin Trodden, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant violated conditions of his supervised release and was sentenced on December 9, 2025, to three months incarceration, to be followed by 33 months of supervised release.  He has appealed, arguing that the judgment must be vacated because of a violation of the *Rogers/Singletary*[1] principles, entitling him to a full resentencing.  His appeal has yet to be decided and the government has now filed a motion in this court to modify the defendant's conditions of supervision, seeking to cure the error.  For the reasons set forth, the motion will be denied.

---

[1]  *United States v. Rogers*, 961 F.3d 291, 296–99 (4th Cir. 2020); *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021).  While these holdings remain binding, they are controversial.  *See United States v. McLaurin*, 172 F.4th 356, 357–361 (4th Cir. 2026) (statement of Richardson, J., for himself and seven other members of the court).

At the defendant's sentencing, I orally imposed a consent-to-search condition

as one of his supervised release conditions, as follows:

> [The defendant] must submit his person, property, house, residence, vehicle, papers, computers, and other electronic communication or data storage devices or media to searches conducted by a United States probation officer. Failure to submit to searches may be grounds for revocation.
>
> He must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct searches pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

Tr. 59, Dkt. No. 161. In my written judgment entered that day by the Clerk, this

provision was rendered as:

> [T]he defendant . . . must submit his person, property, house, residence, vehicle, papers, [computers as defined in 18 U.S.C. § 1030(e)(1), other electronic communication or data storage devices or media] *or office*, to searches conducted by a United States probation officer. Failure to submit to searches may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct searches pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.[2]

J. 5, Dkt. No. 154 (emphasis added). In his opening brief on appeal, the defendant

argues that adding the word "office," not included in the oral pronouncement, was a

material alteration of a discretionary term of supervision, and was thus an error

---

[2]    This wording was suggested by the court's Probation Office. In reading the suggested language, I overlooked the words "or office." No objection was made.

requiring remand for a full resentencing.  Brief for Defendant/Appellant at 19–23, *United States v. Lefler*, No. 25-4661, Dkt. No. 13 (4th Cir. Mar. 13, 2026).[3]

In the government's Motion to Modify Conditions of Supervised Release, it asks the court to modify the Judgment's recitation of the consent-to-search condition by removing the word "office," thus eliminating any material inconsistency between the two versions and mooting the appellate issue.[4]

In response to the government's motion, the defendant contends that this court has lost jurisdiction to modify any conditions of supervision because of the pending appeal, particularly given that the condition sought to be modified is at issue on the appeal.  Def.'s Resp. 2, Dkt. No. 166.  In reply, the government argues that a modification would be "in aid of appeal" and thus an exception to the doctrine of transfer of jurisdiction because it would moot one of the issues on appeal.  Gov't's Reply 4–6, Dkt. No. 168.

Aside from their technical arguments, the motivations of the parties are clear enough.  The government wants to find a way around plenary resentencing in case

---

[3]  This is an alternative argument.  The main argument on appeal is that there was insufficient evidence to find the defendant guilty of violating the terms of his supervision. *Id.* at 6.

[4]  The government points out that as modified, this condition is favorable to the defendant and thus a hearing on the motion is unnecessary.  Fed. R. Crim. P. 32.1(c)(2).

of a *Rogers/Singletary* error, and the defendant wants to preserve the do-over remedy.[5]

While I sympathize with the government's position, I find myself bound in this case by the broad language of *United States v. Mathis*, 103 F.4th 193, 199–200 (4th Cir. 2024), upholding the full sentencing remedy. That language does not support the government's proposed exception to this court's loss of jurisdiction. For that reason, the government's motion, Dkt. No. 165, is DENIED without prejudice.

It is so **ORDERED**.

ENTER:   May 12, 2026

/s/  JAMES P. JONES
Senior United States District Judge

---

[5] It's not clear what advantage this defendant might obtain at resentencing since he has served his three months' term of imprisonment and is unlikely to receive more severe punishment because of a successful appeal.